IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of ELTING,<br>INCORPORATED, an Oregon corporation, | Civil No. CV 04-1137 |
| Plaintiff, | FINDINGS OF FACT &<br>CONCLUSIONS OF LAW |
| v. | |
| HAYWARD BAKER, INC., a Delaware<br>corporation; SEABORD SURETY, a<br>New York corporation; and ST. PAUL<br>FIRE & MARINE INSURANCE COMPANY,<br>a Minnesota corporation, | |
| Defendants. | |
| UNITED STATES OF AMERICA,<br>for the use and benefit of WESTERN<br>ROCK REDUCTION COMPANY,<br>an Oregon corporation, | |
| Intervenor-Plaintiff, | |
| v. | |
| ELTING, INC., an Oregon corporation;<br>SAFECO INSURANCE COMPANY OF<br>AMERICA, a Washington corporation,<br>SEABOARD SURETY, a New York<br>corporation; and ST. PAUL FIRE &<br>MARINE INSURANCE COMPANY,<br>a Minnesota corporation, | |
| Intervenor-Defendants. | |

**MOSMAN, J.,**

On February 14, 2006, there was a bench trial in this case to determine the amount of

interest, if any, owed by defendants Hayward Baker Inc., ("HBI"), St. Paul Fire & Marine

PAGE 1 - FINDINGS OF FACT & CONCLUSIONS OF LAW

Insurance Company, and Seaboard Surety (collectively the "sureties") to use plaintiff, Elting Incorporated ("EI") for monthly progress payment nos. 12, 18, 19 and 20 on Bureau of Reclamation ("BOR") contract no. 01CC101468, for the construction of the Wickiup Dam Modifications project in Deschutes County, Oregon.

At the conclusion of the evidence, the court issued an oral decision and directed the parties to submit joint proposed findings of fact and conclusions of law. With the exception of one issue–whether EI waived its Prompt Payment Act interest claim for payment no. 12–the parties agree the following findings and conclusions represent the court's decision.[1]

### FINDINGS OF FACT

1. Progress payment no. 12 was due and payable by HBI to EI on May 27, 2003, unless a notice of withholding complying with the Prompt Payment Act, 31 USC § 3905(g), was given by HBI to EI and BOR on or before that date.

2. On May 22, 2003, EI faxed a letter to HBI indicating it had been advised by its attorney to "'specifically reserve' [its] rights and those of [its] subcontractors and suppliers for unsettled issues . . . and that not to do so would be a major error."

3. Progress payment no. 12 in the principal amount of $576,031.88 was paid by HBI to EI on July 1, 2003.

4. In a letter to HBI dated July 14, 2003, EI detailed issues it believed to be still outstanding, including issues surrounding acceleration and differing site conditions. The letter did not discuss the timing of payment no. 12.

5. Progress payment no. 18 was due and payable by HBI to EI on December 15, 2003, unless a notice of withholding complying with the Prompt Payment Act, 31 USC § 3905(g), was given by HBI to EI and BOR on or before that date.

6. In relation to payment no. 18, EI signed an unconditional waiver and release for all

---

[1] The provisions not agreed to include Findings ¶¶ 1, 2, 4, 6, and 9, and Conclusions ¶¶ 1 and 2.

PAGE 2 - FINDINGS OF FACT & CONCLUSIONS OF LAW

prior payments made through October 31, 2003 that specifically excepted its "[u]nresolved acceleration an [sic] differing site condition issues."

      7. Progress payment no. 19 was due and payable by HBI to EI on December 30, 2003, unless a notice of withholding complying with the Prompt Payment Act, 31 USC § 3905(g), was given by HBI to EI and BOR on or before that date.

      8. Progress payment no. 20 was due and payable by HBI to EI on April 21, 2004, unless a notice of withholding complying with the Prompt Payment Act, 31 USC § 3905(g), was given by HBI to EI and BOR on or before that date.

      9. In relation to payment nos. 19 and 20, EI signed a conditional waiver and release that specifically exempted the "unresolved acceleration and differing site condition issues" as well as "any claim for interest . . . related to this payment and its timeliness."

      10. Progress payments nos. 19 and 20 in the principal amounts of $330,343.46 and $235,347.62, respectively, were paid by HBI to EI on December 31, 2005.

      11. Progress payment no. 18 in the principal amount of $401,698.58 was paid by HBI to EI on January 3, 2006.

      12. The notices that HBI provided to EI for withholding these progress payments were inadequate because a copy of these notices was not provided to BOR and because the notices were insufficient to adequately advise EI of the amounts withheld, the contractual basis for the withholding and the remedial action which EI needed to take to receive payment of the amount withheld as required by 31 USC § 3905(g).

      13. HBI was not entitled to withhold these progress payments from EI because of actual or potential third party claims which had been or could be made by EI's subcontractors and suppliers against HBI's bonds. Under the subcontract, HBI could not withhold payments from EI due to third party claims if EI provided a bond to HBI to secure third party claims. At the time it entered into its subcontract with HBI, EI posted a payment bond in favor of HBI in the subcontract amount. This bond provided adequate security to HBI for any third party claims

pursuant to the subcontract.

14. EI properly perfected its claims asserted herein against the bonds of the sureties.

## CONCLUSIONS OF LAW

1. EI waived its late payment interest claim related to payment no. 12. "Waiver occurs when there is an existing right, a knowledge of the existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986). EI knew HBI untimely paid payment no. 12 thereby giving rise to an interest claim. By clearly indicating that it was informed by counsel how to preserve outstanding claims from its releases, failing to exempt an outstanding interest claim in the payment no. 18 unconditional release, and including an exemption for an interest claim in the payment nos. 19 and 20 releases, EI's conduct was inconsistent with an intent to retain the claim.

2. EI is entitled to interest on the delayed payments of payment nos. 18, 19, and 20 at the rate of 9% per annum under the terms of the subcontract and ORS 82.010.

3. EI is entitled to an interest penalty on progress payment nos. 18 and 19 for a period of one year after each payment was due at the rate of 3.13%.

4. EI is entitled to an interest penalty on progress payment no. 20 for a period of one year after that payment was due at the rate of 4.0%.

DATED this  13th  day of March, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court